Ashley Farrell Pickett (SBN 271825)
farrellpicketta@gtlaw.com
Bryan W. Patton (SBN 294910)
pattonbw@gtlaw.com
Oscar E. Peralta (SBN 335450)
oscar.peralta@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel:    (310) 586-7700
Fax:   (310) 586-7800

Attorneys for Defendant ServiceTitan, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONDA QUAN, an individual,<br><br>                   Plaintiff,<br><br>          v.<br><br>SERVICETITAN, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>                   Defendants. | Case No.   2:25-cv-00111<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1331, 1367, AND 1441** |

NOTICE OF REMOVAL FROM STATE COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ServiceTitan, Inc. ("ServiceTitan") hereby removes the above-captioned action, *Fonda Quan v. ServiceTitan, Inc.*, Case No. 24STCV27944, from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a). ServiceTitan hereby provide a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## RELEVANT PROCEDURAL HISTORY

1.  On October 24, 2024, Plaintiff Fonda Quan ("Plaintiff") filed a Complaint against ServiceTitan in the Superior Court of the State of California, County of Los Angeles, entitled *Fonda Quan v. ServiceTitan, Inc.*, Case No. 24STCV27944 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.  On December 6, 2024, Plaintiff filed a First Amended Complaint in the State Court Action. A true and correct copy of the First Amended Complaint ("FAC") is attached hereto as **Exhibit B**. ServiceTitan's deadline to file a response to Plaintiff's FAC in the State Court Action has not yet passed and no responsive pleading has been filed in the State Court Action.

3.  As required by 28 U.S.C. § 1446(a), true and correct copies of all other

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

NOTICE OF REMOVAL FROM STATE COURT

process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit C**.

4. ServiceTitan is the only defendant named in the State Court Action. The defendants designated as DOES 1 to 20 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

5. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a), in that the FAC indicates that Plaintiff has filed an action involving a claim or right arising under the laws of the United States.

6. More specifically, Plaintiff brings three causes of action under Title VII of the federal Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and its amendments including The Pregnancy Discrimination Act of 1978 and the Pregnant Workers Fairness Act. [*See* Ex. B ¶¶ 57-75.] Plaintiff also asserts a cause of action under the federal Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. [*See id.* ¶¶ 48-56.]

7. Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claims. Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Each of Plaintiff's state-law claims are based on the identical factual predicates that underlie her federal claims, including allegations of discrimination, retaliation, failure to accommodate, failure to engage in the interactive process, failure to prevent discrimination and retaliation, interference with a medical leave, and wrongful termination, all in purported violation of California's Fair Employment and Housing Act,

3

NOTICE OF REMOVAL FROM STATE COURT

California Family Rights Act, and common law. [*See* Ex. B ¶¶ 8-56, 76-80.]

## SERVICE ON THE STATE COURT

8.      As required by 28 U.S.C. § 1446(d), ServiceTitan will promptly file with the Clerk of the Los Angeles Superior Court and serve on all parties a copy of this Notice of Removal.

## VENUE

9.      The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. For purposes of this removal, venue presently lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS

10.      On December 6, 2024, Plaintiff filed the FAC in the State Court Action. That same day, counsel for Plaintiff emailed a copy of the filed FAC to ServiceTitan's counsel. As described above, the FAC asserted for the first time in the State Court Action claims arising under the laws of the United States. Accordingly, ServiceTitan's deadline to remove the State Court Action is January 6, 2025. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or other paper . . .") (emphasis added). This removal is timely pursuant to 28 U.S.C. § 1446(b).

## NO ADMISSION

11.      By this filing, ServiceTitan does not admit any liability to Plaintiff, concede the accuracy of Plaintiff's allegations, concede Plaintiff is entitled to any of the relief sought in the FAC, or any relief of any kind, or that the Central District of California is the proper venue for this action.

## CONCLUSION

12.      As ServiceTitan has shown in this Notice of Removal and supporting documents, this action meets the requirements for federal jurisdiction pursuant to 28

NOTICE OF REMOVAL FROM STATE COURT

U.S.C. sections 1331 and 1367. Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: January 6, 2025                    GREENBERG TRAURIG, LLP

By:    /s/ *Ashley Farrell Pickett*
       Ashley Farrell Pickett
       Bryan W. Patton
       Oscar E. Peralta
       Attorneys for Defendant ServiceTitan, Inc.

NOTICE OF REMOVAL FROM STATE COURT